IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CHRISTINE JENKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 119-079 |
| | ) | |
| ANDREW SAUL, Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff appeals the decision of the Commissioner of Social Security denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

**I.     BACKGROUND**

Plaintiff applied for DIB and protectively filed for SSI on April 23, 2014, initially alleging a disability onset date of November 23, 2013, which was later amended to April 30, 2014. Tr. ("R."), pp. 7, 19, 322-32. Plaintiff was forty-four years old at her alleged disability onset date and was forty-eight years old at the time the Appeals Council ("AC") issued the

decision currently under consideration.  R. 44, 322.  Plaintiff alleged disability based on the following conditions:  arthritis, high blood pressure, depression, inflammation of muscles, stress problems, and allergies.  R. 363.  Plaintiff completed twelfth grade and accrued work history as a hand packager at an industrial plant and computer plant.  R. 6, 23, 364.

The Social Security Administration denied Plaintiff's applications initially and on reconsideration.  R. 86-117, 118-81.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), R. 204-05, and the ALJ held a hearing on October 11, 2017.  R. 40-71.  At the hearing, the ALJ heard testimony from Plaintiff, who appeared with counsel, as well as from Stacy Fisher, a Vocational Expert ("VE").  Id.  On November 1, 2017, the ALJ issued an unfavorable decision.  R. 19-33.  On November 6, 2017, Plaintiff requested review of the ALJ's decision from the AC, and on January 18, 2019, the AC granted Plaintiff's request for review.  R. 4, 312-21.  On March 28, 2019, the AC issued an unfavorable decision.  R. 4-8.

The AC adopted the ALJ's "statements [of] pertinent provisions of the Social Security Act, Social Security Administration Regulations, [and] Social Security Rulings," as well as "the issues in the case, and evidentiary facts, as applicable."  R. 4.  The AC also adopted the ALJ's "findings or conclusions" on disability.  Id.  Specifically, the AC agreed with the ALJ's findings under steps one, three, four and five of the sequential evaluation process required by 20 C.F.R. §§ 404.1520 and 416.920, but disagreed as to step two.  R. 4-6.  Upon consideration, the AC found:

1. The claimant met the special earnings requirements of the Act on April 30, 2014, the date the claimant stated she became unable to work, and met them through June 30, 2018.  The claimant has not engaged in substantial gainful activity since April 30, 2014.

2. The claimant has the following severe impairments:  systemic lupus erythematosus, obesity, intellectual disorder, anxiety, and depression, but does

        not have an impairment or combination of impairments which is listed in, or which is medically equal to, an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.

3. The claimant's combination of impairments results in the following limitations on her ability to perform work-related activities: light work, except she must not work around hazards such [as] unprotected heights and moving mechanical parts.[1] She is able to complete simple, routine tasks in a work environment free of fast-paced productivity requirements involving simple work related decisions with few work place changes. She is able to frequently interact appropriately with the general public.

4. The limitations on the claimant's ability to perform work-related activities as set forth in Finding 3 preclude the performance of past relevant work. However, the claimant was capable of performing other work, which exists in significant numbers in the national economy.

5. The claimant was not disabled as defined in the Social Security Act at any time from April 30, 2014, the amended dated of alleged onset disability, through November 1, 2017, the date of the ALJ's decision.

R. 7.

## II.   STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439

---

[1]"Light work" is defined as:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b) & 416.967(b).

(11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (*per curiam*); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether

4

correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III.   DISCUSSION

On May 24, 2019, Plaintiff filed this civil action requesting reversal or remand of the adverse decision of the AC. (Doc. no. 1.) Plaintiff argues the Commissioner's decision is not supported by substantial evidence because (1) the AC and the ALJ, as adopted by the AC, failed to consider Plaintiff's impairments of bilateral carpal tunnel syndrome, ganglion cyst in one or both wrists, and genu recurvatm of both knees; (2) the AC failed to explicitly give any weight to Plaintiff's subjective complaints and even if the AC adopted the ALJ's findings, the ALJ improperly considered Plaintiff's subjective complaints; and (3) the AC and ALJ, as adopted, failed to carry its step five burden by relying on the VE's testimony, which was based on an incomplete hypothetical question. See doc. no. 12 ("Pl.'s Br."); doc. no. 17. The Commissioner maintains the decision to deny Plaintiff benefits is supported by substantial evidence and should therefore be affirmed. See doc. no. 14. The Court agrees with Plaintiff's step four argument concerning her wrist and knee impairments and, finding reversal and remand necessary on this point, does not consider the remaining arguments. See Pendley v. Heckler, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert testimony alone warrants reversal,' we do not consider the appellant's other claims.").

At step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). RFC is defined in the regulations "as that which an individual is still able to do despite the limitations caused by his or her impairments." Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted). Courts have described RFC as "a medical assessment of what the

claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." Watkins v. Comm'r of Soc. Sec., 457 F. App'x 868, 870 n.5 (11th Cir. 2012) (*per curiam*).  Limitations are divided into three categories:  (1) exertional limitations that impact the ability to perform the strength demands of a job, i.e., sitting, standing, walking, lifting, carrying, pushing or pulling; (2) non-exertional limitations that impact the ability to meet non-strength job demands, i.e., tolerating dust and fumes, appropriately responding to supervision, co-workers and work pressure, and difficulty performing manipulative or postural functions of jobs; and (3) a combination of exertional and non-exertional limitations.  Baker v. Comm'r of Soc. Sec., 384 F. App'x 893, 894 (11th Cir. 2010) (*per curiam*) (citing 20 C.F.R. § 404.1569a(b)-(d)). When determining a claimant's RFC, the ALJ must consider "all the relevant medical and other evidence."  Phillips, 357 F.3d at 1238.

That is, an ALJ must consider all of a claimant's impairments, severe and non-severe, in combination.  Heatly v. Comm'r of Soc. Sec., 382 F. App'x 823, 825 (11th Cir. 2010) (*per curiam*) (citing Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984)); see also 20 C.F.R. § 404.1545(a)(2) ("If you have more than one impairment.  We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' . . . when we assess your residual functional capacity.").  As one of the Commissioner's policy interpretation rulings explains,

> In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not "severe." While a "not severe" impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may--when considered with limitations or restrictions due to other impairments--be critical to the outcome of a claim.

Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *5 (July 2, 1996).  That is, in combination with other limitations, a "not severe" impairment may prevent the return to past relevant work or narrow the range of other work that may still be available to a claimant.  Id.

In the case *sub judice*, the AC explicitly adopted the ALJ's step three, four and five findings, and the Court examines the ALJ's findings as adopted by the AC.  See R. 4, 5.  Plaintiff argues the ALJ and AC failed to consider Plaintiff's bilateral carpal tunnel syndrome, ganglion cyst in one or both writs, and genu recurvatm of both knees, either separately or in combination with her other impairments, in formulating the RFC.  Pl.'s Br., pp. 11-15.  It is undisputed Plaintiff suffered from all three of these conditions, yet the ALJ never mentions ganglion cysts or genu recurvatm.  Genu recurvatm, in particular, can be a serious and debilitating condition.  While the ALJ discusses Plaintiff's knees, she does so in the context of evaluating Plaintiff's claim that systemic lupus erythematosus causes pain in her lower body, including her knees. R. 26-27.

Analysis of Plaintiff's functional capacity is incomplete without express recognition and consideration of Plaintiff's ganglion cysts and genu recurvatm, especially since the ALJ dismissed Plaintiff's subjective complaints as inconsistent with the medical evidence.  R. 26.  Thus, the Court cannot agree substantial evidence supports the Commissioner's decision, and remand is warranted.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and the

case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 10th day of August, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA